IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK B. LONG,<br><br>    Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF<br>SOUTHERN ILLINOIS UNIVERSITY,<br>Governing SOUTHERN ILLINOIS<br>UNIVERSITY EDWARDSVILLE,<br>PAUL FULIGNI, Individually, and<br>KENNETH NEHER, Individually<br><br>    Defendants. | Case No. 13-cv-29-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss filed by defendants Kenneth Neher and Paul Fuligni (Doc. 33).  Plaintiff Patrick B. Long has filed a second amended complaint (Doc. 38) as well as his response (Doc. 39).  The Court held a motion hearing on October 10, 2013.  For the following reasons, the Court grants the motion.

Taking Long's allegations as true, the following are the relevant facts.  Long is an African-American male who began his employment with Southern Illinois University ("SIU") in June 1998 as an Architect I within the Department of Facilities Management at SIU in Carbondale.  In July 2000, he was promoted to the position of Architect II.  In May 2007, he successfully applied for transfer to SIU's Edwardsville ("SIUE") Campus as Architect II.

At all times relevant, SIUE employed Fuligni as its Director of Facilities Management.  Neher acted as Vice Chancellor for Administration for SIUE, which included his oversight of the Department of Facilities Management.  SIUE also employed Neher as supervisor or investigator.  As an architect, Long was under the direct supervision of Fuligni and Neher.  Long formerly

applied for the position of Manager of Campus Architects and requested that his supervisor consider him for the job. Long, however, was never interviewed or considered for the position. Long alleges that the refusal to consider or interview him for the position is consistent with the Department of Facilities Management's policy that African-American males are not capable of holding managerial or supervisory positions in the SIUE hierarchy.

On May 10, 2013, Long filed his first amended complaint. Count One of the amended complaint contains two causes of action: (1) a Title VII discrimination claim against Fuligni and Neher, and (2) a 42 U.S.C. § 1981 claim against Fuligni and Neher. Count Two consists of a discrimination claim in violation of 42 U.S.C. §1983 against Fuligni and Neher. Finally, Count Three consists of an Illinois Civil Rights Act claim, 740 ILCS 23/5, against the Board of Trustees governing SIUE ("Board of Trustees"), Fuligni, and Neher (Doc. 28). On May 28, 2013, Fuligni and Neher filed their partial motion to dismiss Long's Title VII Claim and Illinois Civil Rights Claim (Doc. 33).[1]

In their partial motion to dismiss, Fuligni and Neher argue that the Title VII claim in Count One should be dismissed, because Fuligni and Neher, as individual defendants, do not meet the definition of an "employer" under Title VII. As to Count Two, the 42 U.S.C. §1983 claim, Fuligni and Neher make no challenge. As to Count Three, Fuligni and Neher move to dismiss, arguing that the Illinois Civil Rights Act of 2003 applies to any "unit of State, County, or local government in Illinois," and therefore, does not apply to Fuligni and Neher as individuals (Doc. 33).

In lieu of responding to Fuligni and Neher's motion to dismiss, Long filed a motion for leave to file his second amended complaint (Doc. 35). On July 30, 2013, Magistrate Judge

---

[1] The Court notes that Fuligni and Neher move that Count One be dismissed in its entirety. (Doc. 33). However, as they only make arguments in support of dismissing the Title VII claim stated within Count One, the Court will only address those arguments.

Wilkerson entered an Order granting leave for Long to file his second amended complaint (Doc. 37). That same day, Long filed his second amended complaint against all defendants (Doc. 38).

In this most recent complaint, Long alleges the same causes of action as before, however, Long changed the defendants against whom the claims were asserted. In Count One, Long alleged a Title VII claim against the Board of Trustees. Also in Count One, Long alleged a Section 1981 claim against Fuligni and Neher. In Count Two, Long alleged a Section 1983 claim against Fuligni and Neher. In Count Three, Long alleged an Illinois Civil Rights Act claim against the Board of Trustees, Fuligni, and Neher.

Because Long's second amended complaint did not address the deficiencies in Fuligni's and Neher's motion to dismiss, Judge Wilkerson found that the motion to dismiss was not moot and ordered that Plaintiff respond to that motion (Doc. 37).

On August 9, 2013, Long filed his response in which he concedes that the Title VII and Illinois Civil Rights Act claims should be dismissed as against Fuligni and Neher. Because Long is in agreement with the arguments made by Fuligni and Neher in their motion to dismiss, the Court grants Fuligni and Neher's partial motion to dismiss. At the October 10, 2013 motion hearing, Long's counsel also conceded that the prayer for punitive damages against the Board of Trustees in Count One should be stricken from Long's second amended complaint.

For the foregoing reasons, the Court **GRANTS** Fuligni's and Neher's partial motion to dismiss (Doc. 33). Specifically, the Court **DISMISSES** the Title VII claim in Count One against Fuligni and Neher; **DISMISSES** the Illinois Civil Rights Act claim in Count Three against Fuligni and Neher; and **STRIKES** the prayer for punitive damages against the Board of Trustees from Count One.

This action now proceeds as follows:

- Count One: a Title VII claim against the Board of Trustees, and a 42 U.S.C. § 1981 claim against Fuligni and Neher;

- Count Two: a 42 U.S.C. §1983 claim against Fuligni and Neher; and

- Count Three: an Illinois Civil Rights Act claim against the Board of Trustees.

**IT IS SO ORDERED.**

**DATED:** October 11, 2013

s/ J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**DISTRICT JUDGE**